Bruce J. Castleton    ISB No. 6915
CASTLETON LAW PLLC
10400 Overland Road #238
Boise, ID    83709
Telephone No. (208) 629-4590
Facsimile No. (208) 509-4814
bruce@castletonlegal.com
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN DOUTHIT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF CALDWELL, CALDWELL POLICE DEPARTMENT; REX INGRAM; SHAWN SOPOAGA; ROBERT ROSIN; JOHN TUCKER; and TAYLER YETT,<br><br>　　　　Defendants. | Case No. 1:24-cv-00558-REP<br><br>**DEFENDANTS CITY OF CALDWELL, CALDWELL POLICE DEPARMENT, REX INGRAM, AND SHAWN SOPOAGA'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants City of Caldwell, Caldwell Police Department, Rex Ingram, and Shawn Sopoaga, by and through their attorney of record, the law firm of Castleton Law PLLC, answer Plaintiff's Complaint and Demand for Jury Trial on file herein as follows:

1.　Defendants deny each and every allegation contained in Plaintiff's Complaint not herein specifically and expressly admitted.   Defendants reserve the right to amend this and any other answer or denial stated herein, once it has had an opportunity to complete discovery regarding the allegations contained in Plaintiff's Complaint.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL -  1.**

2. Answering paragraph 1 of Plaintiff's Complaint, these Defendants are presently without sufficient information upon which to admit or deny the allegations contained therein, and so deny the allegations at present for lack of knowledge, information, or belief.

3. Answering paragraph 2 of Plaintiff's Complaint, these Defendants admit.

4. Answering paragraph 3 of Plaintiff's Complaint, these Defendants deny.

5. Answering paragraph 4 of Plaintiff's Complaint, these Defendants admit the first sentence. These Defendants admit the second sentence with the addition that the overall policy and decision makers for the Police Department are the Caldwell City Mayor and Caldwell City Council. These Defendants need not respond to the last sentence.

6. Answering paragraph 5 of Plaintiff's Complaint, these Defendants admit all but the last sentence, to which these Defendants need not respond.

7. Answering paragraph 6 of Plaintiff's Complaint, these Defendants these Defendants admit all but the last sentence, to which these Defendants need not respond.

8. Answering paragraph 7 of Plaintiff's Complaint, these Defendants these Defendants admit all but the last sentence, to which these Defendants need not respond.

9. Answering paragraph 8 of Plaintiff's Complaint, these Defendants admit with the exceptions that Yett was an attorney for the City of Caldwell and a legal advisor to the Caldwell Police Department. Defendants need not respond to the last sentence.

10. Answering paragraph 9 of Plaintiff's Complaint, these Defendants deny.

11. Answering paragraphs 10 and 11 of Plaintiff's Complaint, these Defendants acknowledge that this Court has jurisdiction over properly pled matters involving the allegations therein; however, in making this acknowledgment, these Defendants do not admit that any such

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
FOR JURY TRIAL -  2.**

matters are actually properly pled in Plaintiff's Complaint, or that the facts set forth in Plaintiff's Complaint actually justify the exercise of such jurisdiction. To the extent this Court has jurisdiction over these matters venue is proper.

12. Answering paragraph 12 of Plaintiff's Complaint, these Defendants only that Plaintiff provided a letter entitled Notice of Tort Claim dated August 19, 2024.

## GENERAL ALLEGATIONS

13. Answering paragraph 13 of Plaintiff's Complaint, these Defendants admit.

14. Answering paragraph 14, of Plaintiff's Complaint, these Defendants admit only that Plaintiff was employed by the Defendant City during the events alleged.

15. Answering paragraph 15 of Plaintiff's Complaint, these Defendants deny for lack of specific knowledge.

16. Answering paragraphs 16 and 17 of Plaintiff's Complaint, these Defendants deny.

17. Answering paragraph 18 of Plaintiff's Complaint, these Defendants admit.

18. Answering paragraphs 19 and 20 of Plaintiff's Complaint, these Defendants deny for lack of specific knowledge.

19. Answering paragraph 21 of Plaintiff's Complaint, these Defendants deny Plaintiff's characterization of the subject action.

20. Answering paragraph 22 of Plaintiff's Complaint, these Defendants admit that Plaintiff was placed on administrative leave but deny he was placed under house arrest.

21. Answering paragraph 23 of Plaintiff's Complaint, these Defendants admit that the document cited speaks for itself.

22. Answering paragraph 24 of Plaintiff's Complaint, these Defendants deny the characterization of the document but admit that some parts of it were subsequently amended.

23. Answering paragraph 25 of Plaintiff's Complaint, these Defendants deny Defendant Ingram's involvement in the actions alleged.

24. Answering paragraph 26 of Plaintiff's Complaint, these Defendants admit that the Laudermill hearing was held, and that those Defendants identified participated. These Defendants deny Plaintiff's characterization of the hearing or the communications made therein.

25. Answering paragraphs 27 through 30 of Plaintiff's Complaint, these Defendants deny.

## COUNT I

26. Answering paragraph 31 of Plaintiff's Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

27. Answering paragraphs 32 through 36 of Plaintiff's Complaint, these Defendants deny.

## COUNT II

28. Answering paragraph 37 of Plaintiff's Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

29. Answering paragraph 38 of Plaintiff's Complaint, these Defendants assert that these are Plaintiff's legal conclusions and these Defendants need not admit or deny the same.

30. Answering paragraphs 39 through 42 of Plaintiff's Complaint, these Defendants deny.

## COUNT III

31. Answering paragraph 43 of Plaintiff's Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

32. Answering paragraphs 44 through 56 of Plaintiff's Complaint, these Defendants deny.

## COUNT IV

33. Answering paragraph 57 of Plaintiff's Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

34. Answering paragraph 58 through 70 of Plaintiff's Complaint, these Defendants deny.

## COUNT V

35. Answering paragraph 71 of Plaintiff's Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

36. Answering paragraphs 72 and 73 of Plaintiff's Complaint, these Defendants assert that these are Plaintiff's legal conclusions and these Defendants need not admit or deny the same.

37. Answering paragraph 74 of Plaintiff's Complaint, these Defendants deny.

38. Answering paragraph 75 of Plaintiff's Complaint, these Defendants admit that the document speaks for itself.

39. Answering paragraphs 76 through 82 of Plaintiff's Complaint, these Defendants deny.

## COUNT VI

40. Answering paragraph 83 of Plaintiff's Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

41. Answering paragraphs 84 and 85 of Plaintiff's Complaint, these Defendants assert that these are Plaintiff's legal conclusions and these Defendants need not admit or deny the same.

42. Answering paragraph 86 of Plaintiff's Complaint, these Defendants deny.

43. Answering paragraph 87 of Plaintiff's Complaint, these Defendants admit the document speaks for itself.

44. Answering paragraphs 88 through 94 of Plaintiff's Complaint, these Defendants deny.

45. Plaintiff's Complaint asserts that it is entitled to an award of attorney fees under a variety of statutes and rules. These Defendants assert that Plaintiff's allegations constitute Plaintiff's legal conclusions, and these Defendants needs not admit or deny the same. To the extent any answer is required thereto, these Defendants deny the allegations contained therein, deny that Plaintiff is entitled to an award of attorney fees, or that the statutes cited by Plaintiff form the legal basis for an award of attorney fees against these Defendants in this case.

46. Plaintiff's Complaint last contains Plaintiff's requests for relief and to the extent any answer is required thereto, these Defendants deny the allegations contained therein, deny that Plaintiff has stated any valid cause of action, or that the Plaintiff is entitled to any of the relief requested therein.

## FIRST DEFENSE

That these Defendants have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Plaintiff's Complaint and therefore request the Court to permit these Defendants to amend their Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

## SECOND DEFENSE

That the Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

That the Plaintiff has failed to act reasonably or to otherwise mitigate Plaintiff's damages, if any.

## FOURTH DEFENSE

That the allegations contained in the Plaintiff's Complaint do not rise to the level of a deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in the Plaintiff's Complaint.

## FIFTH DEFENSE

That these Defendants acted in a reasonable and prudent fashion satisfying any duty, if any, that he owed under the rules, regulations, statutes, ordinances, customs, policies and usages of the City of Caldwell, Canyon County, the State of Idaho and/or the United States of America.

## SIXTH DEFENSE

That these Defendants are immune from liability because the acts or omissions complained of, if any, were done by said these Defendants in good faith, with honest, reasonable belief that such actions were necessary and lawful at the time they occurred.

## SEVENTH DEFENSE

That these Defendants are immune, or have qualified immunity, to the allegations contained in the Plaintiff's Complaint.

## EIGHTH DEFENSE

That the acts or omissions, if any, of these Defendants were privileged.

## NINTH DEFENSE

All general immunities statutory or otherwise.

## TENTH DEFENSE

That Plaintiff has failed to secure a bond as required by Idaho Code Section 6-610 for individually named Defendants.

## ELEVENTH DEFENSE

That Plaintiff has failed to follow the requirements of the Idaho Tort Claims Act in pursuing his claims against these Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL -  8.**

## ATTORNEY FEES

Defendants have been required to retain attorneys in order to defend this action and is entitled to recover reasonable attorney fees pursuant to federal and state law and applicable Rules of Civil Procedure.

WHEREFORE, these Defendants pray for judgment against the Plaintiff as follows:

1. That the Plaintiff's Complaint be dismissed with prejudice and that the Plaintiff take nothing thereunder.

2. That these Defendants be awarded their costs, including reasonable attorney fees pursuant to state and federal law and the applicable Rules of Civil Procedure.

3. That judgment be entered in favor of these Defendants on all claims for relief.

4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 27th day of January, 2025.

CASTLETON LAW, PLLC

By */s/ Bruce J. Castleton*
BRUCE J. CASTLETON, Of the Firm
Attorneys for Defendants

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 9.**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 27th day of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Kevin E. Dinius | kdinius@diniuslaw.com |
| Sarah Hallock-Jayne | shallockjayne@diniuslaw.com |
| DINIUS LAW | |
| 5680 E. Franklin Rd., Ste. 130 | |
| Nampa, ID 83687 | |
| *Attorneys for Plaintiff* | |

                                     */s/ Bruce J. Castleton*
                                     BRUCE J. CASTLETON